# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**Fax: (410) 962-2577**
**MDD_DLBChambers@mdd.uscourts.gov**

July 21, 2020

LETTER TO COUNSEL

      RE:    *Autumn T. v. Saul*
            Civil No. DLB-19-1572

Dear Counsel:

      On May 29, 2019, Plaintiff Autumn T. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1.  I have considered the parties' cross-motions for summary judgment.  ECF No. 11 ("Pl.'s Mot."), ECF No. 16 ("Def.'s Mot.").  I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

      Plaintiff's claim for benefits was protectively filed on her behalf on March 28, 2014, before Plaintiff reached the age of eighteen.  Administrative Transcript ("Tr.") 499.  Her claim was denied initially and on reconsideration.  Tr. 199-202, 206-07.  A hearing was held before an Administrative Law Judge ("ALJ") on May 30, 2018.[1]  Tr. 130-78.  Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 16-48.  The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ made two sets of findings, one for before and one for after Plaintiff attained the age of eighteen.  *See* 42 U.S.C. § 1382c(a)(3)(A), (C); 20 C.F.R. § 416.924(a) (describing the three-step sequential process for determining disability for individuals under the age of eighteen).  The ALJ found that Plaintiff suffered from the same severe impairments during both time periods, namely "affective disorder, anxiety disorder, borderline intellectual functioning, post-traumatic stress disorder, attention-deficit hyperactivity disorder, and obesity."  Tr. 21, 36.

---

[1] An earlier hearing was held February 6, 2017 before a different ALJ.  Tr. 56-121.  On October 4, 2017, Plaintiff appeared without counsel for a second hearing during which she requested and was granted a postponement in order to obtain counsel.  Tr. 122-29.

*Autumn T. v. Saul*
Civil No. DLB-19-1572
July 21, 2020
Page 2

The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any listing, Tr. 24-35, and therefore concluded that Plaintiff was not disabled prior to attaining the age of eighteen. Tr. 36. The ALJ then determined that, since attaining the age of eighteen, Plaintiff had the residual functional capacity ("RFC") to:

> Perform medium work as defined in 20 CFR 416.967(c), except she is limited to performing simple, routine tasks, but she can apply commonsense understanding to carry out detailed but involved instructions. She cannot perform production-rate work where each job task must be completed within strict time periods. She is limited to making simple work-related decisions with only occasional changes in the routine work setting. She occasionally can interact with supervisors and coworkers and never can interact with the public. Time off task during the workday can be accommodated by normal breaks.

Tr. 39. The ALJ found that Plaintiff did not have past relevant work. Tr. 46. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 46-47. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 47.

On appeal, Plaintiff presents three primary arguments: (1) that the ALJ violated her due process rights; (2) that the ALJ's findings regarding the severity of her mental impairments was not supported by an "informed medical opinion"; and (3) that the ALJ's finding regarding Plaintiff's ability to concentrate, persist, and maintain pace was not supported by substantial evidence. Pl.'s Mot. 7-9. Each argument lacks merit for the reasons discussed below.

### The ALJ did not violate Plaintiff's due process rights.

Plaintiff asserts that the ALJ violated her due process rights by referring to her hearing testimony from February 6, 2017 after telling counsel at the May 30, 2018 hearing that he would not listen to it.[2] Pl.'s Mot. 7; *see* Tr. 136 ("I'm not going to listen to those hearings . . . We're starting over here."). Plaintiff claims that "counsel was completely unaware of this testimony until its inclusion in the U.S. D.C. transcript," and argues that the ALJ "should have disclosed this testimony in some form to counsel." *Id*. Plaintiff cites to two pages of the ALJ's decision as proof that there "is no question that the ALJ utilized this testimony to deny [Plaintiff's] claim." *Id*. (citing Tr. 25, 37). This argument is not persuasive.

---

[2] Plaintiff also states that the ALJ "violate[d] the confrontation clause of the 5th [sic] Amendment of the U.S. Constitution," Pl.'s Mot. 7, but does not allege that she was denied the right to confront witnesses. Plaintiff was represented by counsel at the February 6, 2017 hearing and her attorney had the opportunity to question Plaintiff, Plaintiff's rehabilitation counselor, and the vocational expert. *See* Tr. 56-121. Plaintiff was also represented by counsel at the May 30, 2018 hearing and her attorney had the opportunity to question Plaintiff and the vocational expert. *See* Tr. 130-78.

*Autumn T. v. Saul*
Civil No. DLB-19-1572
July 21, 2020
Page 3

First, Plaintiff and her counsel were aware of the February 6, 2017 hearing. Plaintiff testified at that hearing and Plaintiff's counsel discussed the existence of the hearing with the ALJ. *See, e.g.*, Tr. 133 ("There was a prior hearing this case."). Furthermore, Plaintiff does not allege that her counsel was denied the opportunity to review her file in its entirety, including transcripts from earlier hearings; rather, she argues that the ALJ's "stated intention to disregard the previous hearing" led to her "counsel's inability to review or rebut the February 6, 2017 testimony." Pl's Mot. 7. Therefore, Plaintiff's argument that her counsel was "completely unaware" of the earlier hearing must fail. Second, Plaintiff does not identify the testimony from the February 6, 2017 hearing that the ALJ improperly used to make his decision. Plaintiff cites to two pages of the decision but does not identify specific statements that should not have been relied on. Pl.'s Mot. 7 (citing Tr. 25, 37). The first citation points to the ALJ's summary of Plaintiff's hearing testimony. Tr. 25 ("The claimant appeared at her evidentiary hearings and provided the following testimony pertaining to her health and functioning prior to age 18[.]"). The second citation contains one reference to Plaintiff's testimony: "The claimant testified that she stands 5'2" tall and weighs 179 pounds." Tr. 37. Even if the ALJ improperly considered her prior hearing testimony, Plaintiff does not allege that any of the ALJ's statements summarizing her testimony came exclusively from the earlier hearing or that she has been harmed by consideration of the hearing testimony.

### The ALJ applied correct legal standards when evaluating Plaintiff's mental impairments.

Plaintiff next challenges the ALJ's "paragraph B" findings. Pl.'s Mot. 7. At step three of the sequential evaluation, an ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Adult Listings 12.00 *et seq.* and Childhood Listings 112.00 *et seq.* pertain to mental impairments, and consist of (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G) 112.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* §§ 12.00(A), 112.00(A). Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself.[3] *Id.* §§ 12.00(A)(2)(b), 112.00(A)(2)(b).

---

[3] The paragraph B criteria were revised in 2017. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 FR 66138-01, 2016 WL 5341732 (Sept. 26, 2016) (explaining the revised rules became effective January 17, 2017). The broad functional areas in the previous Paragraph B were (1) restrictions on activities of daily living; (2) difficulties maintaining social functioning; (3) difficulties in maintaining concentration, persistence, and pace; and (4) repeated episodes of decompensation. 20 C.F.R. § 404.1520a (2016).

*Autumn T. v. Saul*
Civil No. DLB-19-1572
July 21, 2020
Page 4

When evaluating the severity of a claimant's mental impairments, the ALJ must employ the "special technique" to rate her degree of limitation in the four broad functional areas known as the paragraph B criteria. 20 C.F.R. §§ 416.920a(c), 416.925. An ALJ's assessment of a claimant's mental impairments is a "highly individualized process," in which the ALJ will consider "all relevant evidence." 20 C.F.R. § 416.920a(c)(1). The ALJ assigns a rating to each functional area based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the functional areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4); *see* § 416.925(b)(2)(ii) ("[I]n general, a child's impairment(s) is of "listing-level severity" if it causes marked limitations in two domains of functioning or an extreme limitation in one.").

Here, the ALJ evaluated Plaintiff's mental impairments under the special technique and found that before attaining the age of eighteen, she had a marked limitation in her ability to concentrate, persist, or maintain pace, and a moderate limitation in the other three areas. Tr. 23-24. The ALJ found that Plaintiff had a moderate limitation in all four functional areas after attaining the age of eighteen. Tr. 38.

Plaintiff argues that the ALJ's paragraph B findings were not based on "an informed medical opinion" because the State agency consultants reviewed her records before the SSA revised the paragraph B criteria in 2017. Pl.'s Mot. 7-8. Plaintiff does not cite to any authority to support her contention that the ALJ must have based his findings on an informed medical opinion. ALJs are charged with considering all of the evidence in the record when making findings. S*ee, e.g.*, 20 C.F.R. §§ 416.920, 416.924, 416.920a(c)(1) ("We will consider all relevant and available clinical signs and laboratory findings, the effects of [a claimant's] symptoms, and how [her] functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment.") The special technique requires that an ALJ's written decision "show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the [claimant's] mental impairment(s)." 20 C.F.R. § 416.920a(e)(4). Here, the ALJ's written decision complied with the regulations. An ALJ is certainly permitted to utilize a medical expert during the special technique but the regulations do not require a medical opinion. *See id.*; 20 C.F.R. § 416.926. In addition, Plaintiff has not argued that the outcome would have been different if the State agency consultants had reviewed her records after the 2017 revisions to paragraph B criteria.

In a related argument, Plaintiff contends that the opinion of her treating psychiatrist, Dr. Charito Quintero-Howard, should have been given more weight because it was the only opinion of record that referenced the revised criteria and argues that the ALJ did not give the requisite "good reasons" for the weight he assigned to Dr. Quintero-Howard's opinions. Pl.'s Mot. 8. Contrary to Plaintiff's argument, the ALJ satisfied 20 C.R.R. § 416.927(c)(2)'s "good reasons" requirement by explaining that he gave Dr. Quintero-Howard's opinions "little weight" because they were inconsistent with Dr. Quintero-Howard's own treatment records. Tr. 44. To the extent Plaintiff argues that the ALJ was required to give good reasons for discounting Dr.

*Autumn T. v. Saul*
Civil No. DLB-19-1572
July 21, 2020
Page 5

Quintero-Howard's opinions multiple times in the decision, Plaintiff is incorrect. *See Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (explaining that a court "must read the ALJ's decision as a whole").

> The ALJ's evaluation of Plaintiff's ability to concentrate, persist, and maintain pace was supported by substantial evidence.

Lastly, Plaintiff argues that the ALJ's finding that she had a marked limitation in her ability to concentrate, persist, or maintain pace before her eighteenth birthday, but only a moderate limitation after her eighteenth birthday, was not supported by substantial evidence. Pl.'s Mot. 9. Rather than dispute the ALJ's findings, Plaintiff merely asserts that "[n]o explanation exists" for the difference. *Id.* Plaintiff does not challenge the reasons given for the ALJ's individual findings. The ALJ cited to school records to support his finding that Plaintiff was markedly limited in concentration, persistence, and pace before the age of eighteen, Tr. 23, and he cited to a consultative examination and therapist records to support his finding that she was only moderately limited in the area after turning eighteen, Tr. 38.

Furthermore, Plaintiff does not show that any error in assessing her ability to concentrate, persist, or maintain pace was not harmless. To be found disabled using the paragraph B criteria under the mental impairment listings relevant to this case, a claimant must have either an extreme limitation in one area of functioning or a marked limitation in two areas of functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.04, 12.06, 12.11, 12.15. Here, the ALJ found that Plaintiff had only a moderate limitation in all four areas of functioning after attaining the age of eighteen. Tr. 38. Thus, even if the ALJ found she had a marked limitation in her ability to concentrate, persist, or maintain pace, she would need a marked limitation in at least one other area of functioning, which she does not have and does not allege on appeal.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the record, and given the evidence outlined above, I find that the ALJ's evaluation of Plaintiff's mental impairments was supported by substantial evidence and that the ALJ applied the correct legal standards.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 16, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

*Autumn T. v. Saul*
Civil No. DLB-19-1572
July 21, 2020
Page 6


        Despite the informal nature of this letter, it should be flagged as an opinion.  A separate
order follows.


                                        Sincerely yours,


                                                /s/


                                        Deborah L. Boardman
                                        United States Magistrate Judge